UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBY DE JESUS CORRALES VILLALOBOS,<br><br>        Petitioner,<br><br>   v.<br><br>TODD M. LYONS, et al.,<br><br>        Respondents. | No. 1:26-cv-00533-DAD-CKD<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT<br><br>(Doc. No. 1, 7) |

On January 21, 2026, petitioner Delby De Jesus Corrales Villalobos filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE") and requesting a court order immediately releasing him from respondents' custody, enjoining respondents from re-detaining petitioner absent a hearing before a neutral arbiter, and awarding attorney's fees and costs pursuant to 28 U.S.C. § 2412. (Doc. No. 1.) That same day, petitioner also filed a motion for temporary restraining order (Doc. No. 2), and the following day filed an amended motion for temporary restraining order (Doc. No. 7). On January 23, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in

1  this court's recent decisions in *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL
2  3187578 (E.D. Cal. Nov. 14, 2025) and *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK
3  (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025).  (Doc. No. 8.)

4      On January 27, 2026, respondents filed an opposition to petitioner's motion for a
5  temporary restraining order and petition for writ of habeas corpus.  (Doc. No. 10.)  Respondents
6  concede therein that this case is not substantively distinguishable from the court's prior orders in
7  *Perez* and *O.A.C.S.*  (*Id.* at 1.)  Respondents also state that they are amendable to adjudication of
8  the underlying habeas petition without further briefing.  (*Id.*)

9      Because respondents have conceded that this case is not substantively distinguishable
10 from the situation addressed in this court's prior orders in *Perez* and *O.A.C.S.*, the court
11 incorporates and adopts the reasoning set forth in those orders.

12     For the reasons explained above,

13     1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED, in part,
14         as follows:
15         a.    Respondents are ORDERED to immediately release petitioner from
16             respondents' custody on the same conditions he was subject to immediately
17             prior to his re-detention on October 31, 2025;
18         b.    Respondents are ENJOINED AND RESTRAINED from re-detaining
19             petitioner for any purpose, absent exigent circumstances, without providing
20             petitioner notice and a pre-detention hearing before an immigration judge
21             where respondents will have the burden of demonstrating that petitioner is
22             a danger to the community or a flight risk;
23         c.    Petitioner's request for attorney's fees and costs pursuant to 28 U.S.C.
24             § 2412 is DENIED without prejudice to bringing a properly noticed and
25             supported motion seeking such fees and costs;
26     2.    Petitioner's motion for a temporary restraining order (Doc. No. 7) is hereby
27         DENIED as having been rendered moot in light of this order;
28 /////

4. The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and

5. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **January 28, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE